Argued and submitted February 4, affirmed September 9, 2021, petition for review denied February 3, 2022 (369 Or 211)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA ANDREW RHOADES,
*Defendant-Appellant.*

Marion County Circuit Court
18CR57715; A171653

497 P3d 324

Thomas M. Hart, Judge.

Stephen A. Houze argued the cause and filed the briefs for appellant.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for sexual abuse in the first degree, ORS 163.427, and sodomy in the first degree, ORS 163.405, relating to his four-year-old stepdaughter. On appeal, defendant contends that the trial court plainly erred by failing to *sua sponte* strike two pieces of testimony as impermissible vouching. He further contends that the trial court plainly erred in failing to recuse itself for bias. We affirm.

Defendant acknowledges that he did not preserve any of his claims of error. We may review an unpreserved claim of error if it is "plain," that is, if the error is (1) "one of law"; (2) "obvious, not reasonably in dispute"; and (3) "appears on the face of the record, so that we need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) (internal quotation marks omitted).

Defendant first assigns error to the trial court's failure to *sua sponte* strike testimony from a Department of Human Services (DHS) child protective services worker who testified about her interview with defendant's stepdaughter. The DHS worker described the "protocol" that DHS uses when interviewing a child to "gauge whether or not they have an understanding of *** the difference between a truth and a lie." After the DHS worker provided an example of that "protocol" involving the child witness truthfully identifying the color of a pen, the following exchange occurred:

"[Prosecutor]:   Okay. And did she say she would only talk about true things with you in that interview?

"[Witness]:   Yes, she did.

"[Prosecutor]:   Okay. And what did [she] tell you when you spoke with her?"

The DHS worker next testified that the child disclosed sexual abuse.

Defendant contends that the DHS worker's testimony constituted impermissible vouching because it was

"tantamount" to a comment on the child witness's credibility. *See, e.g.*, *State v. Beauvais*, 357 Or 524, 543, 354 P3d 680 (2015) ("A direct comment on the credibility of a witness or a statement that is 'tantamount' to stating that another witness is truthful is not admissible[.]"). However, commenting on the competency—as opposed to the credibility—of a child witness is not impermissible vouching. *See id.* at 545 ("Expert testimony that provides jurors with useful information in making their own credibility assessment ordinarily is admissible[.]").

In *Smith v. Franke*, we evaluated a police officer's testimony about the "protocol" involved when interviewing a child, including the practice of asking the child to truthfully describe the color of an object to "demonstrate[] to [the officer's] satisfaction that she knew what it was to tell the truth and what it was to tell a lie." 266 Or App 473, 476, 337 P3d 986 (2014), *rev den*, 356 Or 689 (2015). We concluded that the testimony did not amount to impermissible vouching because the officer did not comment on whether *she* believed that the child was telling the truth, but rather spoke only to the competency of the child to differentiate a true statement from a lie. Specifically, "[t]estimony that a child demonstrated knowledge of the difference between the truth and a lie does not amount to testimony that the child did not lie, nor does it otherwise pass on the credibility of that child either directly or indirectly." *Id.* at 479-80.

In light of the similarities between the DHS worker's testimony in this case and that of the officer in *Smith*, it is far from "obvious" that the testimony constituted a direct statement on the stepdaughter's credibility such that the trial court should have struck it *sua sponte*. *See Corkill*, 262 Or App at 552 (recognizing that cases where a trial court should have *sua sponte* excluded testimony as impermissible vouching typically involve "true 'vouching'" evidence, that is, a "witness's testimony that he or she believes that another witness is or is not credible, which a party offers to bolster or undermine the veracity of that other witness").

Defendant next assigns error to the trial court's failure to strike testimony from a child counselor who testified that the child's statements were internally consistent

and that the counselor had advised the child to tell the truth in court. As with the DHS worker's testimony, however, the counselor's testimony did not involve true vouching—that is, a witness commenting on the credibility of other witnesses. It is not "obvious" that a witness's observation as to the consistency of the content of the child's statements is a comment on the child's credibility. As far as advising the child to tell the truth, the counselor again did not assert that she believed that the child was truthful, rather that, much like any witness in a courtroom who takes an oath, the child was advised to tell the truth. Nothing about the counselor's testimony was true vouching such that the trial court was required to strike it *sua sponte*.

Defendant's final assignment of error challenges the trial court's failure to *sua sponte* recuse itself based on its personal knowledge of defendant. However, defendant does not identify any personal knowledge beyond knowledge gained through presiding over other court matters involving defendant, nor does defendant cite any cases in which a trial court was required to *sua sponte* recuse itself based on similar circumstances. The trial court did not plainly err in declining to recuse itself.

Affirmed.