378　　　　　February 19, 2026　　　　　No. 132

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Gabriel C. REED,
*Petitioner-Appellant,*
*and*

Stephanie R. REED,
*Respondent-Respondent.*

Lane County Circuit Court
20DR18332; A184221

Erin A. Fennerty, Judge.

Argued and submitted March 20, 2025.

Gabriel Reed argued the cause and filed the briefs *pro se*.

Edgar Diaz argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this domestic relations case, father appeals from a supplemental judgment modifying custody and parenting time and awarding sole custody to mother. On appeal, father raises five assignments of error. In his first assignment, he argues that the trial court erred in failing to recuse itself. His remaining assignments argue that the trial court's best-interests determination was erroneous for various reasons. We affirm.

We decline father's request for *de novo* review because this case is not "exceptional" or otherwise appropriate for such review. ORAP 5.40(8)(c), (d); ORS 19.415(3)(b); *see also Ward and Ward*, 331 Or App 391, 393-94, 546 P3d 318 (2024) (where the trial court makes extensive factual findings and its custody decision comports with those findings and the evidence in the record, that weighs against an exercise of *de novo* review). We are therefore bound by the trial court's express and implied factual findings if there is any evidence to support them. *Weaver and Butler*, 342 Or App 229, 235, 575 P3d 1044 (2025). We provide a brief overview of the relevant facts in accordance with that standard and recite in our analysis the particular facts relevant to each assignment of error.

Father and mother were married in 2013 and have two children together, A and M. M was diagnosed with autism in 2017 and has special needs. In 2021, father and mother entered into a stipulated dissolution judgment that awarded the parties joint legal custody and parenting time where mother has the children during the first half of each month and father has the children during the second half of each month. In 2023, father moved to modify custody, requesting that he be awarded sole custody of the children. Mother filed a response counterclaiming for sole custody of the children and for a modification of the parenting plan and child support. Following a trial, the court awarded sole custody to mother, modified parenting time, and granted mother child support. The trial court issued a detailed oral ruling in which it made findings and explained its reasoning, discussing each of the factors set forth in ORS 107.137(1). This appeal followed.

Father's first assignment of error challenges the trial court's failure to recuse itself. That claim of error is not preserved. Father acknowledges that he did not move to have the trial judge recused and that he raised the issue for the first time in his motion for reconsideration. Generally, any claim of error that was not raised before the trial court will not be considered on appeal. *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011); ORAP 5.45(1). Arguments raised for the first time in a motion for reconsideration that could have been raised earlier are not preserved for appellate review. *Kuang v. Kuang*, 336 Or App 168, 180, 561 P3d 160 (2024). To the extent that father requests that we review for plain error, we conclude that any error is neither obvious nor apparent on the record. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating the standard for plain error review). Father claims that his child's school district is a client of the trial judge's former law firm and that the judge had represented the school district prior to becoming a judge. Even if that is the case, it was not obvious that the trial judge was required to *sua sponte* recuse herself when she learned that father had filed a separate lawsuit against the school district. *See State v. Rhoades*, 314 Or App 490, 493, 497 P3d 324 (2021), *rev den*, 369 Or 211 (2022) (no plain error where the defendant did not cite any cases in which a trial court was required to *sua sponte* recuse itself based on similar circumstances). Nor is it apparent that the trial court referred in its ruling to facts outside of the record, which father alleges could only have been learned through the court's connection to the school district, rather than to facts in a properly admitted exhibit.[1] The trial court did not plainly err in failing to *sua sponte* recuse itself.

---

[1] The trial court's ruling noted father's difficulties in working with people in the educational system, citing as an example father's threat to sue a school official for trying to set up an interview when the person did not respond to his email in a timely fashion. In father's motion for reconsideration, he acknowledges that his lawsuit against the school district was admitted into evidence as an exhibit and that the "trial court even cited this exhibit during their ruling, stating the father threatened lawsuits against the school district and refused to come in for an interview when asked by the district." On appeal, father argues that the trial court could not have been referring to facts contained in that exhibit, because he only threatened to bring a formal complaint, and not a lawsuit, against that official. He acknowledges, however, that he did eventually bring a lawsuit which named that school official as one of the defendants. Based on our review of the record it is not apparent that the trial court was referring in its ruling to facts

Turning to father's remaining assignments of error, we understand father to challenge various aspects of the trial court's best-interests determination as impermissible based on the evidence in the record. In determining whether a modification in custody is in the children's best interests, a court must consider all of the relevant factors in ORS 107.137(1), bearing in mind that no one factor is dispositive. *Sjomeling v. Lasser*, 251 Or App 172, 188, 285 P3d 1116, *rev den*, 353 Or 103 (2012). Whether the trial court applied the correct legal standard in making a best-interests determination presents a question of law that we review for legal error. *Weaver*, 342 Or App at 233. If the trial court applied the correct legal standard, we review the trial court's best-interests determination for abuse of discretion and will reverse only if a trial court's discretionary determination is not a legally permissible one. *Id.* We review the trial court's factual findings to determine if there is evidence in the record to support them. *Id.* at 235.[2]

At the outset, we note that several of father's assignments of error appear to be unpreserved. However, even assuming that father adequately preserved each of the arguments he raises on appeal, he has not demonstrated that the trial court erred. As we explain below, the trial court's ruling, which identified specific evidence in the record and how that evidence related to the statutory factors in ORS 107.137(1), was legally sufficient to support its decision.

Father's second assignment of error challenges the trial court's finding, related to ORS 107.137(1)(b), that father was willing to give up custody to mother, although he later changed his mind. Mother provided evidence at trial of a text message where father told mother to "draw up paperwork to give yourself full custody of the girls and do what you want with [M]." Mother testified that after that text message, she and father had a phone conversation in which "he still said he was giving me full custody." Mother's response to father's

outside of the record that it only could have learned through a connection to the school district.

[2] Father sometimes frames his arguments as challenges to the trial court's legal conclusions when he appears to contest the court's factual findings and contend that they are not supported by the evidence. Under either case, and as explained below, we reject them.

Request for Admission No. 16, in which she admitted that father requested that mother draft paperwork to give herself full custody, but that father did not ultimately sign that paperwork, does not contradict the trial court's finding that father expressed a willingness to give up custody, but later changed his mind.

Father's third assignment of error challenges the trial court's decision reducing the children's time with their half-sister, A, father's daughter from a subsequent relationship. The trial court found that the children have a close bond to A. However, the parenting plan implemented by the trial court allowed that relationship to continue. Under the original parenting plan, the children spent half of each month with A and the other half apart. Under the new parenting plan, the children will have three weekends a month during the school year and a majority of the summer with A. The record and the trial court's findings indicate that it appropriately considered the importance of sibling relationships, but also that such relationships "are not dispositive of custody." *M. E. v. Kirk*, 338 Or App 215, 219, 565 P3d 865 (2025). We conclude that the trial court considered the importance of maintaining the children's relationship with their half-sister, along with all of the other factors, in making its decision.

In father's fourth assignment of error, he argues that the trial court erred in giving mother the primary caregiver preference. "Generally, the primary caregiver is the party who has provided more care for the child and with whom the child has lived a majority of his or her recent life." *Nice v. Townley*, 248 Or App 616, 622, 274 P3d 227 (2012). In its oral ruling, the trial court recognized that the parties had equal parenting time and provided roughly equal care in recent years, but that on balance mother was the primary caregiver. That finding is supported by evidence in the record that mother was a full-time stay-at-home mother for a portion of the children's lives and took more responsibility for providing certain aspects of the children's care. After mother transitioned back to work, each parent would watch the children while the other was at work. The court acknowledged that father provided "slightly more care"

during that period, but that did not tip the balance in his favor. The court did not commit factual error by viewing the record differently from father with respect to how much caregiving each parent provided. The court's factual finding was supported by the evidence. *Weaver*, 342 Or App at 235.

Father's fifth assignment challenges the trial court's finding that he was responsible for keeping M out of school. However, testimony from both parents established that they both agreed to remove M from her school in Eugene, but father did not agree to enroll M in any of the other classroom options available to them. Mother was ready to enroll both children in school in Salem. Father wanted to homeschool M, but acknowledged that, at the time of trial, he had not developed a definitive plan for doing so in a way that would meet requisite educational standards. There was also evidence that father had difficulty working effectively with school and governmental officials as would be necessary to pursue a homeschooling program. We conclude that the record supported the trial court's findings and conclusion that mother was best situated to ensure adequate schooling for M. *Weaver*, 342 Or App at 235.

In sum, we conclude that the trial court properly applied the statutory custody factors and it reached a legally permissible decision based on the record.

Affirmed.